EASTERN DIS.
January, 1833.

LANCLOS
vs.
ROBERTSON.

demnify the bailor, for the loss of the thing bailed, if it perishes during the bailment.

Lastly, the damages are complained of as excessive, being much beyond both the value given by the appraisers and the price they sold for. The jury appear to have taken for their guide, the price which the plaintiff had stipulated and his lessee had agreed to pay, on the exercise of the faculty of purchasing. This was a point, of which a jury is peculiarly the proper judge, and the District Court, on the motion for a new trial, did not think it just to submit the case to another jury. Neither do we.

LANCLOS vs. ROBERTSON.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE THEREOF PRESIDING.

When the appeal appears to be frivolous and for delay, ten per cent. damages will be given.

This suit has once been before this court on exceptions to certain interrogatories propounded to the plaintiff by the defendant. The cause was remanded, with directions to the court below to overrule the exceptions. Vide 3 La. Rep. 259.

On the second trial, the court considered the plaintiff's demand established, and that the defendant had failed

to prove the allegations in his answer, and judgment was rendered accordingly.

A new trial was refused, and an appeal was taken by the defendant.

*Herron* and *Ives*, for appellant.

*Labauve*, for appellee.

1. This case must be governed by the law previous to the new Civil Code; the court *a quo* erred in receiving parol evidence to prove a disturbance; the plaintiff relies on the grounds set forth in the bill of exceptions, to resist such testimony.

2. The sale took place under the old Code, and the defendant has not shown a shadow of disturbance, nor even the danger of one.

3. This appeal is only taken for delay; there is no ground for it, the law is clear. *Old Civil Code, p.* 360, *art.* 85. *Martin* 7, *O. S. p.* 223.    7 *N. S. p.* 235. According to these authorities, what necessity is there to call on this tribunal to repeat their decisions?

The opinion of the court was delivered by MATHEWS, J.

This case was before the appellate court during the January term of 1832, and was (after reversal of the judgment of the District Court, which had been previously rendered,) remanded for a new trial, in order that certain interrogatories which had been propounded by the defendant, should be answered by the plaintiff. Before the second trial, these interrogatories were answered; and on this trial, other testimony was adduced by the defendant, against whom judgment was pronounced, and he took the present appeal.

A bill of exceptions is found in the record to the introduction of parol evidence offered on the part of the defendant, and admitted by the court, to prove want of title in the plaintiff to the land sold to the former, which was the con-

sideration of the promissory note, on which the present action is based.

But, as we agree in opinion with the judge *a quo*, on the effect which ought to be given to the whole testimony of the cause as received, it is unnecessary to examine this part of the case.

The plaintiff's answers to the interrogatories do not prove any of the facts alleged in the answer of the defendant, in avoidance of his obligation to pay the sum stipulated in his written promise; (at least no material fact is established by these answers,) neither does the parol evidence adduced on the trial of the cause, establish these facts.

The appellee, in his answer to the appeal, has prayed for ten per centum damages, and the only question in the case is, whether this claim shall be allowed?

When the appeal appears to be frivolous and for delay, ten per cent. damages will be given.

The appeal appears to be frivolous, and for delay only.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs, and ten per centum on the principal sum adjudged to the plaintiff as damages.