# October Term, 1852.

JOSHUA BATES, Respondent, *v.* SEBASTIAN VISHER,
Appellant.

Where an entry upon the minutes recites that, "the parties came by their attor-
neys, and defendant by his attorney, moved the Court that the cause be re-
ferred:" Held, that such reference was made on the appellant's motion, and
in one of the modes pointed out by law, "by oral consent, in open Court,
entered on the minutes."

The objection being entirely unsupported, the judgment was affirmed, with 10
per cent. damages and costs.

THIS was an appeal from the Fifth Judicial District, San Joa-
quin County.

The complaint stated, that the defendant was indebted to the
plaintiff $4,117, for the recovery of which the suit was brought.
The amount was made up of several items, of which an account
was stated and annexed to the complaint.

The defendant answered, and denied that he was indebted to
the plaintiff in the sum claimed, or in any sum whatever; that
the goods, wares and merchandise, &c., exhibited in the plain-
tiff's account, were for the joint benefit of the plaintiff and de-
fendant, as partners in business, which said partnership has been
dissolved; and avers that defendant had advanced to the said
partnership, large sums of money, merchandize, &c., of greater
value than the amount of plaintiff's legal claims; and prays that
the partnership account be examined and adjusted, &c., and for
a decree, &c.

The only question in the case arose out of the appointment of

the referees, to whom the case was referred. The record states as follows:

"Wednesday, February 4th, A. D. 1852. This day came the parties, by their attorneys; and the defendant, by his attorney, W. A. Root, Esq., moved the Court that this cause be referred for trial to referees, which motion was sustained. It is therefore ordered by the Court, that this cause be referred for arbitration."

The Court appointed referees accordingly, who made report in favour of the plaintiff for $1,027; upon which judgment was entered, and from which defendant appealed.

*Van Buren*, for appellant.

The trial by jury cannot be dispensed with, except in the manner prescribed by law. State Constitution, sec. 3, and Bill of Rights. Pollock *v.* Smith and Wilson, Supreme Court.

The law provides that trial by jury may be waived by consent of parties, and provides the *manner* in which such consent shall be ascertained. 1st. By failing to appear. 2nd. By written consent in person or by attorney, filed with the clerk. 3rd. By oral consent in open court. A jury was not waived in this case by either of these modes.

In no case can there be a reference, except by consent of parties, unless a trial by jury be first expressly waived by such consent. The consent must be by *both* parties. A cause therefore cannot be referred upon motion of one of the parties, or his counsel, nor by order of Court, unless a trial by jury be previously waived. The consent must be by "the parties," and not by *counsel* or attorney. Statutes 851, p. 79, sect. 182. Ib. p. 78, sect. 179. Ib. p. 49, sect. 9. Pollock *v.* Smith and Wilson, Supreme Court. This case was referred on motion of appellant's counsel. It does not appear that the party was present. A motion *made by the counsel of one of the parties*, was not "the consent of the parties, filed with the clerk or entered on the minutes." If contended that the reference was made on the motion of defendant's own counsel, and that he should not be allowed to take advantage of his own wrong. We reply that defendant himself did not consent to the reference. If by the technicalities of law, appellant is prevented from having a full

review of this case, he is justified in resorting to the same law, to set aside the report of the referees.

*Yale,* for respondent.

In the written argument of the Counsel of the appellant, it is stated that the motion for the reference was made by the counsel for the appellant; and the objection is, that it does not appear that the appellant was present in Court, and that the reference was not the act of the party.   The act of authorised counsel entered on the minutes, as in this case, is, in legal contemplation, the act of the party by which he is bound; and if the counsel be employed generally to conduct the defence of a cause, authority to move a reference, or to consent to one, is implied.   If instructed not to consent to a reference after a general retainer, without notice to the other party, and injury results, it is simply a question between the counsel and his client, not affecting third parties.

This case was simply an assumpsit on the common counts for work and labour, money advanced, &c., for the defendant with a list of particulars, to which defendant pleaded a dissolved partnership and a counter claim, and prayed the Court to take an account between the parties.   This was an equitable defence, and involved a reference to ascertain the state of the accounts between the parties, and authorizing the Court to make a reference on its own motion.

The appeal is manifestly frivolous, and the respondent claims damages under the statute in such cases.

The opinion of the Court was delivered by

Heydenfeldt, Justice.   The error relied on to reverse this judgment, is, that the trial was by referees, and not by a jury, and that the reference was not authorized.   On looking into the record, it appears that there is an entry upon the minutes, which recites that "the parties came by their attorneys, and defendant by his attorney, moved the Court, that the cause be referred," &c.   Thus the reference was made on the appellant's motion, and in one of the modes pointed out by law "by oral consent in open Court entered on the minutes."

It is only necessary to state thus much to show that the ob-

jection is entirely unsupported. Indeed the case must be treated as a delay case, and the judgment affirmed with ten per cent. damages and costs.

ANDERSON, Justice, concurred.