## M. CARRIERE, Respondent, v. CHARLES MINTURN et al., Appellants.

| 5 | 435 |
|---|---|
| 87 | 161 |
| 87 | 248 |
| 5 | 435 |
| 91 | 521 |
| 5 | 435 |
| 100 | 490 |
| 119 | 309 |
| 5 | 435 |
| 131 | 347 |
| 5 | 435 |
| 146 | 685 |

In foreclosing a mortgage containing a stipulation that the mortgagee should be entitled to all costs, including counsel fees not exceeding five per cent. of the amount due, it is not necessary to aver in the complaint that five per cent. was reasonable counsel fees, as the counsel fees thus stipulated to be paid, were not the cause of action, but, like costs, a mere incident to it, and might be fixed by the Court, at its discretion, not exceeding the five per cent.

APPEAL from the District Court of the Fourth Judicial District, San Francisco County.

*Sloan* and *Love*, for Appellants.

*Hall McAllister*, for Respondent.

No briefs on file.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The only difference between this case and that of Gronfier v. Minturn, decided at this Term, consists of the point made by appellants, that there is no allegation in the declaration that five per cent. was reasonable counsel fees. Such an averment was unnecessary. The counsel fees stipulated to be paid were not the cause of the action, but like the costs, a mere incident to it, and may be fixed by the Chancellor, at his discretion, not exceeding the amount stipulated. Nor is such an allowance in the nature of a penalty, but only a provision against an actual expense to be incurred by the creditor on account of the failure of the debtor to fulfil his contract.

Judgment affirmed.