## BRENT *vs.* MOUNT.

1. Where, in a suit on a note signed by husband and wife, the uncontradicted evidence shows that the wife received no benefit, but was assuming the debt of her husband, a verdict against her is contrary to law.   But if there is no assignment of error based on the verdict, this court will not grant a new trial on that ground.
2. Where husband and wife were both sued, and the wife appeared and pleaded, a plea filed by her husband for her was properly stricken, it not appearing that she resided out of the county.

Husband and wife.    Verdict.    Practice in the Supreme Court.    Pleadings.    Before Judge LAWSON.    Monroe Superior Court.    August Term, 1879.

Reported in the decision.

A. D. HAMMOND, by JNO. I. HALL, for plaintiff in error.

BERNER & TURNER, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants on a promissory note payable to L. Wolfe or bearer, for the sum of $220.00, dated February 16th, 1875, and due first day of November thereafter.    The defendant, T. Y. Brent, made no defense to the note, and judgment was awarded by the court against him for the amount thereof.    The other defendant, Jennie Brent, pleaded that the note sued on was given for a debt of her husband, T. Y. Brent, which had been incurred by him long before she signed the same, that she signed it as security for her husband, and not for the benefit of her separate estate. On the trial of the case, the jury found a verdict against her for the amount of the note.    A motion was made by Mrs. Brent for a new trial on the grounds therein stated, which was overruled, and she excepted.

Brent *vs.* Mount.

1. The uncontradicted evidence in the record fully sustains the defendant's plea, and assuming that the court charged the law correctly (and there is no exception to it) the verdict was manifestly against the evidence and the law applicable thereto, and if the defendant had included in her motion for a new trial either of those grounds, we might have reversed the judgment refusing a new trial in this case. But the defendant in her motion for a new trial did not except to the verdict on the ground that it was contrary to either the law or the evidence.

2. The only grounds of error complained of by the defendant in her motion for a new trial are, that the court struck the plea filed by T. Y. Brent at the time of the trial, in which he alleged "that said note was the property of the payee thereof until after its maturity, and that *this* defendant was not indebted to the present plaintiff in said suit until after said note was due, dishonored, and defendant does not now believe that said pretended holder is the *bona fide* holder of said note," and in not allowing the facts alleged in said plea to be proved by the defendant. The issue on trial was that made by the plea of the defendant, Jennie Brent, the other defendant, T. Y. Brent, had not filed any issuable plea. The plea which he filed under oath for the benefit of Jennie Brent, the other defendant, was properly stricken by the court, it not appearing that Jennie Brent, who had filed a separate and distinct defense for herself, did not reside in the county in which the suit was pending. Code, §3449. When the plea of T. Y. Brent was stricken, there was no plea in the record to authorize the introduction of evidence to prove the facts alleged therein. There being no other grounds of error complained of in the motion for a new trial, it was properly overruled. This court can only consider and adjudicate such errors as are complained of and plainly specified in the bill of exceptions. Code, §4251.

Let the judgment of the court below be affirmed.