[No. 12048.    Department Two. —June 21, 1887.]

## EUPHRATES MONROE, RESPONDENT, v. WILLIAM FOHL, APPELLANT.

PROMISSORY NOTE — PAYMENT ON ACCOUNT — APPLICATION OF. — A payment made on account of a promissory note, in the absence of any agreement or direction as to how it should be applied, in so far as it exceeds the interest which has accrued at the time of payment, will be applied to the payment of the principal of the note, and not to future or unearned interest.

ID. — MORTGAGE — FAILURE TO PAY INTEREST — ELECTION TO TREAT NOTE AS DUE — NOTICE TO MORTGAGOR. — A notification by a mortgagee to a mortgagor of his election to consider the mortgage debt as having become due, on account of the failure of the mortgagor to pay the interest as it accrued, is sufficiently given, when notices to that effect are left at the residence and place of business of the mortgagor with persons of discretion in charge thereof, the mortgagor being absent from such places, and the mortgagee, after diligent search and inquiry, being unable to ascertain his whereabouts.

PROMISSORY NOTE — ACTION ON — PLEADING — ADMISSION OF EXECUTION AND DELIVERY — DENIAL THAT PLAINTIFF IS HOLDER. — In an action on a promissory note, payable to the order of the plaintiff, an answer admitting the execution and delivery of the note, but denying that the plaintiff is the holder thereof, and alleging that a third person is the holder, states merely conclusions of law, and raises no issue.

MORTGAGE — FORECLOSURE — ALLOWANCE OF COUNSEL FEES. — In an action
to foreclose a mortgage which provides that the mortgagee shall be enti-
tled to a specified sum as counsel fees in case of foreclosure, the court
has no power, under the act of March 27, 1874, to make a greater allow-
ance for counsel fees than that specified in the mortgage.

APPEAL from a judgment of the Superior Court of San
Joaquin County.

The note, to secure which the mortgage in question
was given, contained a provision that in case default was
made in the payment of the interest, the note should
immediately become due at the option of the holder
thereof. The further facts are stated in the opinion.

*August Muenter*, and *W. B. Nutter*, for Appellant.

*Carter, Smith & Keniston*, for Respondent.

HAYNE, C. — Action to foreclose a mortgage, the plain-
tiff claiming that he was entitled to elect, and did elect,
to have the principal become due for non-payment of
interest. The plaintiff had judgment on demurrer to
the answer, and the defendant appeals. We think the
answer presented no defense.

1. The note was dated June 25, 1885, and the interest
was payable annually. On October 10, 1885, the de-
fendant paid eight hundred dollars on account of the
note, without anything being said on either side as to
whether the payment was to be applied to the interest
or to the principal. Conceding, in favor of the defend-
ant, that the payment was to be applied first to the in-
terest, it will be so only as to interest up to the date of
the payment. The balance of the payment must be ap-
plied to the principal. The law will not apply it to
future or unearned interest. After making the applica-
tion as above stated, there remained something over
eight months' interest to fall due on June 25, 1886.
That balance of interest fell due on that day, — for
the meaning of the contract is that the interest was to
be paid annually from its date, and not annually from

any date at which a payment might happen to be made; and the fact that the defendant chose to make the payment above mentioned does not affect the interest on the unpaid principal. The non-payment of this eight months' interest entitled the plaintiff to elect to consider the principal as due.

2. The plaintiff did elect to have the principal become due. The complaint alleges that on July 14, 1886, the plaintiff notified the defendant of his election by leaving a notice at the defendant's residence with a person of discretion in charge of such residence, and by leaving a notice at the defendant's place of business with a person of discretion in charge of such place of business, the defendant being then absent from his residence and place of business, and the plaintiff having been unable, after diligent search and inquiry, to ascertain his whereabouts. The only construction we can give to the answer is, that the defendant was not *personally* notified or "informed" of the election. We think the notice given was sufficient.

3. The execution and delivery of the note payable to the order of plaintiff being admitted, the denial that plaintiff was the "holder" of the note and the assertion that the bank was the holder, without averring any facts showing such to be the case, were of conclusions merely, and raised no issue. (*Poorman* v. *Mills & Co.*, 35 Cal. 119; *Wedderspoon* v. *Rogers*, 32 Cal. 571; *Hook* v. *White*, 36 Cal. 302.)

4. But we think the court erred in allowing a greater sum as counsel fee than the one stipulated in the mortgage. In the absence of a provision in the mortgage, the plaintiff is not entitled to a counsel fee (*Sichel* v. *Carrillo*, 42 Cal. 492; *Mascarel* v. *Raffour*, 51 Cal. 242), unless there is a statute which allows one. The statute of March 27, 1874, provides that "in all cases of foreclosure of mortgage the attorney's fee shall be fixed by the court in which the proceedings of foreclosure are

had, any stipulation in said mortgage to the contrary notwithstanding." Read literally, this language might mean that "in all cases of foreclosure" a counsel fee shall be fixed by the court, whether the mortgage provides for one or not. But we do not think that such is its meaning. The title of the act is "An act to *abolish* attorneys' fees and other charges in foreclosure." And there is no provision in terms that any fee shall be allowed. The thing to be "fixed" is "*the* attorney's fee." We think this means "the attorney's fee provided for by the mortgage," and that it has no application where none is so provided. But even if this is not the true construction, and the court can allow a counsel fee where the mortgage is silent upon the subject, if, as here, a counsel fee is agreed upon between the parties, it must be held to be an exclusion of any greater fee.

The court therefore erred in allowing a greater fee than the one provided in the mortgage. But this does not make the ruling on the demurrer to the answer erroneous. The counsel fee stipulated to be paid was not an element of the cause of action, but was, like the costs, a mere incident to it, and was to be fixed by the judge in his discretion, not exceeding the stipulated amount. (*Carriere* v. *Minturn*, 5 Cal. 435.)

The other points do not require special mention.

We think the cause should be remanded, with directions to the court below to modify its judgment in accordance with the views above expressed, the appellant to recover his costs of appeal.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the cause is remanded to the court below, with direction to modify its judgment in accordance with the views expressed in said opinion, the appellant to recover his costs of appeal.

Hearing in Bank denied.