[No. 12370.    Department Two. — January 25, 1888.]

ANDREW RAPP ET AL., RESPONDENTS, *v.* SPRING VALLEY GOLD COMPANY ET AL., APPELLANTS.

MECHANIC'S LIEN — ATTORNEY'S FEE. — A reasonable attorney's fee, though not a part of the costs, is a necessary incident to a judgment for plaintiff in an action to foreclose a mechanic's lien.

ID. — STIPULATION. — A stipulation that certain designated persons should ascertain "the amount due" to the plaintiffs, and that "judgment shall be accordingly entered," does not exclude the attorney's fee which the court is to fix.

ID. — Where the defendants are induced by the acts of the plaintiff to believe that no attorney's fee would be claimed under a stipulation, but before the trial the defendants' attorney is informed by the plaintiff's attorney that he construes the stipulation differently, and the defendants' attorney does not apply to be relieved from the stipulation, there is no estoppel upon the plaintiff in relation to the matter.

ID. — It is not necessary to the allowance of an attorney's fee that the plaintiff should have actually paid or expressly agreed to pay one to his attorney: an implied agreement is sufficient. The amount is to be fixed by the court.

APPEAL from a judgment of the Superior Court of Butte County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Reardan & Freer,* and *Newlands, Allen & Herrin,* for Appellants.

*Park Henshaw,* for Respondents. .

HAYNE, C.—Action to foreclose a mechanic's lien. Judgment for plaintiffs was entered upon a stipulation. The sole question is whether the plaintiffs should have been allowed an attorney's fee.

1. The first position of the appellants is, that the stipulation waived the attorney's fee. The material portion of the stipulation is as follows: " Plaintiffs shall reduce their claims to judgment in the following manner: Said Gregory, in conjunction with Mr. N. S. Walker, Jr., vice-president of the company, shall immediately, or as soon as they can, ascertain and fix *the amount due to each of the plaintiffs* in said suit, and upon such ascertainment *judgment shall accordingly be entered* in said suit for the foreclosure of the mechanic's liens sued on."

The argument for the appellants upon this language is, that the provision is that judgment should be entered for the amount due to the plaintiffs, and by implication for nothing else, and that the attorney's fee was not a part of the amount due to the plaintiffs. This argument proves too much. It would exclude a judgment for costs as well as for attorney's fees. Costs are not a part of the amount due to the plaintiffs; but it is not disputed by appellants that the judgment for costs was proper. The attorney's fee in this kind of case is not, strictly speaking, part of the costs. If allowed by the court, it need not be placed in the memorandum of costs. But it was properly allowed for the same reason that costs were allowed, viz., that it was a necessary incident of the judgment stipulated for, and was not expressly, or by necessary implication, excluded by the stipulation. That the attorney's fee in foreclosure is merely an incident of the judgment, and not an ele-

ment of the cause of action, was held in *Carriere* v. *Minturn*, 5 Cal. 435. In that case, Heydenfeldt, J., delivering the opinion, said: "The counsel fees stipulated to be paid were not the cause of action, but, like the costs, a mere incident to it, and may be fixed by the chancellor at his discretion, not exceeding the amount stipulated." And this case was approved and followed in *Monroe* v. *Fohl*, 7 Cal. 568. If the attorney's fee was an incident to the judgment stipulated for, it was properly allowed by the court, unless excluded by the stipulation, which, as above stated, we do not think was the case.

But it is further argued for the appellants in this regard that the negotiations between the parties leading up to the stipulation show that it was understood that no attorney's fees were to be allowed. But if we assume in favor of the appellants that prior negotiations were not superseded by the agreement finally arrived at and written out, and that such negotiations should control, we nevertheless do not think the result would be different.

If the matter rested solely upon the letter of Mr. Robinson, the president of the gold company, and the reply of the attorney for the plaintiffs, there would be some strength in the position. It might then be contended that the agreement was to be interpreted "in the sense in which the promisor believed at the time of making it that the promisee understood it." (Civ. Code, sec. 1649.) But the matter does not rest solely upon the letters referred to. It appears that, before the hearing of the cause, the attorney for the plaintiffs had an interview with the attorney for the defendant and the vice-president of the gold company, at which the letter of Mr. Robinson was referred to, and he thereupon distinctly informed them that he did not understand that attorneys' fees were cut off by the stipulation, and that he should press the matter before the court. This negatives the theory that the attorney for the plaintiffs allowed the

defendants to proceed under the belief that attorneys' fees would not be claimed. Upon receiving this information, the defendants, if not satisfied with the stipulation, should have asked to have it set aside. Upon a proper application the trial court could have relieved them from a stipulation given through a misunderstanding. (*Bonds v. Hickman*, 29 Cal. 464.) No such application was made. After being informed of what the plaintiffs were going to do, the defendants chose to rely upon the stipulation, which, as we have seen, does not support their view.

The defendant, the Bank of California, was not represented at the interview referred to. But the argument as to the prior negotiations is based solely upon communication between the plaintiffs and the other defendant, of which the bank was shown not to be aware. And hence there is no question but that the stipulation prevails as to it.

2. The second position of the appellants is, that independent of the stipulation the facts shown did not entitle plaintiffs to attorneys' fees under section 1195 of the Code of Civil Procedure. This, the counsel say, "is a provision against an *actual* expense that may be incurred by the lien-holder on account of the failure of the defendant to pay the lien-holder's claim; and *if such expense has been incurred*, then, and then only, the court may allow and fix such fees."

We have no doubt at all that the attorney's fee need not be actually paid by the plaintiff. Nor need there be any express agreement for the payment of a fee. If, indeed, it had appeared that the attorney had expressly agreed to give his services for nothing, or if he were an employee of the plaintiff at a yearly salary, as was the case in *Bank of Woodland* v. *Treadwell*, 55 Cal. 379, then the plaintiff might not be entitled to an allowance for attorney's fee. But where there is an implied agreement for the payment of the attorney, or where, as here, there is an express agreement that for services prior to the

recording of the liens, the attorney shall receive five per
cent upon the amount collected, and for subsequent ser-
vices "only such fee as the court would allow," it seems
clear that plaintiff is entitled to an allowance for attor-
neys' fees.   The court would not be bound by an agree-
ment between plaintiff and his attorney as to amount,
but must, under the code, allow such amount as is reason-
able.   We cannot say that the amount in this case is not
reasonable.

We therefore advise that the judgment and order ap-
pealed from be affirmed.

FOOTE, C., concurred.

BELCHER, C. C., took no part in this decision.

The COURT.— For the reasons given in the foregoing
opinion, the judgment and order appealed from are af-
firmed.