87   245
91   522
87   245
102   626
87   245
119   309
87   245
133   257
87   245
146   685

[No. 13772.   Department Two. — December 22, 1890.]

## A. H. WHITE, Trustee, etc., Respondent, *v.* H. E. ALLATT et al., Appellants.

Foreclosure of Mortgage — Notes Payable to Trustee of Estate — Pleading — Immaterial Allegation — Support of Judgment. — In an action to foreclose a mortgage given to secure the payment of certain promissory notes, where it appears that the notes set out in the complaint were made payable to the mortgagee as trustee of the estate of a deceased person, an averment, in the complaint, that plaintiff is the owner of the notes and mortgage as trustee of the heirs of said decedent, is immaterial and redundant, and must be disregarded; and a judgment in favor of the mortgagee as trustee of the estate of the decedent is sustained by the pleadings.

Id. — Parties — Trustee of Express Trust. — Where notes and a mortgage to secure them are taken by a trustee in his own name for the benefit of the estate of a decedent, he becomes the trustee of an express trust, and, as such, may sue to foreclose the mortgage, without joining with him the persons for whose benefit the action is prosecuted.

Id. — Attorney's Fees — Note not Due — Ambiguity — Construction of Pleading. — It appearing that when the action was commenced one of the notes described in the complaint and secured by the mortgage was not yet due, an averment respecting what are reasonable attorney's fees for the foreclosure of the mortgage is not ambiguous or uncertain, but the amount demanded must be held to relate to the foreclosure as to the notes due, and not to all of the notes set up in the complaint.

Id. — Reasonable Attorney's Fee — Pleading — Discretion of Court. — In an action to foreclose a mortgage, where the mortgage stipulates for a reasonable attorney's fee in case of foreclosure, an averment as to what would be a reasonable fee is unnecessary, as such fee is a mere incident to the action, and the amount to be fixed is within the discretion of the court.

Pleading — Demurrer — Ambiguity and Uncertainty. — A demurrer to a complaint, on the ground of ambiguity and uncertainty in the conjunctive, cannot be sustained if the complaint is either ambiguous or uncertain, but not both.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion.

*W. J. McIntyre*, and *H. Goodcell, Jr.*, for Appellants.

*E. B. Stanton*, for Respondent.

GIBSON, C. — This action was brought to foreclose a mortgage. The demurrer to the complaint was overruled, and upon defendants' failure to answer, judgment was rendered against them. From that judgment they bring this appeal, and claim, — 1. That the demurrer should have been sustained, upon the grounds that the complaint does not state facts sufficient to constitute a cause of action, and that it is ambiguous and uncertain; and 2. That the judgment is not sustained by the pleadings.

1. It is urged that the facts are insufficient, for the reason that the plaintiff sues as trustee for seven designated persons, described as " heirs at law of B. F. White, deceased," and there is no allegation that he is a trustee, for any purpose, for any of the beneficiaries, or that the notes in suit were made, in his name, for their benefit, and therefore the persons named as beneficiaries are the real parties in interest, and not the plaintiff.

The complaint alleges that the three notes set out in it were made and delivered to the plaintiff, by the defendants, together with the mortgage in suit to secure their payment, and that the plaintiff is the owner and holder of the notes and mortgage as trustee for the beneficiaries, " all the heirs at law of B. F. White, deceased," while the notes themselves show that they were made to the plaintiff " as trustee of the estate of B. F. White, deceased."

These two allegations are said to be inconsistent with each other, because the identity of the plaintiff, as trustee

for seven particular persons described as heirs at law of
B. F. White, deceased, is different from that of trustee of
the estate of the same decedent.    But this inconsistency
is more apparent than real.    It is true that in the latter
capacity, if he were trustee of the whole estate, he would
not only represent the heirs, but the legatees, devisees,
and creditors, if any, as well; while in the first-men-
tioned capacity, he would simply represent the persons
named as beneficiaries.    This makes it appear that the
first allegation is more extensive in scope than the sec-
ond, and that it is not repugnant to the latter.    The notes
sued on are, however, the principal contract, to which the
mortgage is but an incident; and as it clearly appears,
from the notes themselves, that they were made to the
plaintiff for the benefit of "the estate of B. F. White,"
deceased, he must be regarded as a trustee for that estate.
These facts are material and controlling, in view of which,
the averment of ownership of the notes and mortgage as
trustee of the heirs of said decedent becomes immaterial
and redundant matter, and, as such, must be disregarded.

By taking the notes and mortgage in his own name,
for the benefit of the estate of the decedent above named,
he became the trustee of an express trust, and, as such,
may maintain this suit, without joining with him the
persons for whose benefit the action is prosecuted. (Code
Civ. Proc., sec 369; Bliss on Code Pleading, sec. 262;
Schouler on Executors and Administrators, sec. 292;
Pomeroy on Remedies and Remedial Rights, sec. 175.)

This is one of the exceptions to the rule, declared in
section 367 of the Code of Civil Procedure, that every
action must be prosecuted in the name of the real party
in interest.    The complaint is therefore not objection-
able upon the first ground of demurrer.

2. On the grounds of ambiguity and uncertainty, the
first point made is, that the averment respecting the at-
torney's fee is uncertain. because it cannot be determined
from the complaint whether the amount demanded is

reasonable or not, because it does not appear whether the amount is demanded for the foreclosure of the mortgage as to two or three of the notes.

Of the three notes set up in the complaint, two were due when the action was commenced, and as these two were the only ones that could be recovered upon, it seems clear enough to us that the amount demanded as an attorney's fee related to the foreclosure of the mortgage as to those two; hence it cannot be said that the complaint is, in that respect, either ambiguous or uncertain. But even if it were uncertain, such an averment is unnecessary. For, as was said in *Carriere* v. *Minturn,* 5 Cal. 435, "The counsel fees stipulated to be paid were not the cause of action, but, like the costs, a mere incident to it, and may be fixed by the chancellor, at his discretion, not exceeding the amount stipulated." This rule has not since been departed from. (*Monroe* v. *Fohl,* 72 Cal. 568; *Rapp* v. *Spring Valley Gold Co.,* 74 Cal. 532. See also *Grangers' Bus. Ass'n* v. *Clark,* 84 Cal. 201.)

What has been said regarding the objection urged upon the general ground of demurrer disposes of the remaining objections, as to the uncertainty and ambiguity of the complaint, as they are based upon the averment of trusteeship for the heirs of B. F. White, deceased, and the fact that the notes show they were made to the plaintiff as trustee for the estate of B. F. White, deceased. Again, if the complaint were either ambiguous or uncertain, but not both, the demurrer being in the conjunctive as to those two grounds, it could not be sustained. (*Kraner* v. *Halsey,* 82 Cal. 209.)

3. It is claimed that the judgment is not sustained by the pleadings, because of the averment to the effect that the plaintiff is the trustee of the persons named as heirs of the decedent, and the judgment is in favor of the plaintiff as trustee for the estate of the same decedent. But as the averment mentioned is, as above shown, immaterial, and as the notes and mortgage were made and

delivered to the plaintiff "as trustee of the estate of B. F. White, deceased," the judgment is in accordance with and supported by the complaint.

We therefore advise that the judgment be affirmed.

HAYNE, C., and FOOTE, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.