# DECISIONS

OF THE

# Kentucky Court of Appeals.

## APRIL TERM, 1897.

CASE 22—PETITION ORDINARY—APRIL 14.

## Popp, by &c. v. L. & N. R. R. Company.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. APPEALS—DAMAGES ON AFFIRMANCE.—Under the provision of sec. 764, of the Civil Code, that ten per cent. damages shall be allowed upon affirmance of a superseded judgment for money the amount of the judgment at the time it was superseded is the amount upon which damages should be allowed, and not ,upon the interest which may have accrued thereon between the time the judgment was superseded and the time of affirmance. The damages allowed by that section are in the nature of a penalty, and should not be allowed unless clearly authorized.

BURTON VANCE FOR APPELLANT.

1. Upon the affirmance of a judgment bearing interest the plaintiff in the judgment is entitled to damages upon the interest which has accrued upon the judgment as well as upon the principal. Civil Code, sec. 764; Johnson v. Williams, 82 Ky. 45; Cavanaugh v. Britt, 90 Ky., 277.

A. E. WILLSON AND W. W. THUM OF COUNSEL ON SAME SIDE.

HELM & BRUCE FOR APPELLEE.

1. The appeal in this case is taken or prosecuted in the name of

the infant by its next friend, whereas it is shown that six months prior to the taking of the appeal, a statutory guardian had been appointed and qualified for the infant. Sec. 35, of the Civil Code, provides that the action of an infant must be brought by the guardian, and the appeal should, therefore, be dismissed.  Miller v. Cabot, 81 Ky., 178.

2. Under the provisions of sec. 764, of the Civil Code, damages on affirmance can only be awarded "on the amount superseded." And allowing damages upon interest which accrued after the supersedeas would be the allowance of damages upon an amount which at the time of the supersedeas had no existence.

3. The damages provided for by that section of the Code, are in the nature of a penalty, and are fixed by the provisions of the statute, and not by the bond.  And penal statutory provisions should be strictly construed.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellant obtained a judgment in the court below against the appellee for $10,000, from which judgment appellee prosecuted an appeal to this court.  This court affirmed the judgment, with damages.  It appears that the interest accrued on the judgment amounted to about $2,000 at the time of the affirmance.  Upon the return of the cause to the court below, the appellant moved for or sought to obtain judgment for 10 per cent. damages on the $2,000 interest as well as on the $10,000, which the lower court finally refused, and to reverse that judgment this appeal is prosecuted.

Section 764 of the Code of Practice provides that, "upon the affirmance of or the dismissal of an appeal from a judgment for the payment of money, the collection of which, in whole or part, has been superseded, as provided in chapter 2 of this title, 10 per cent. damages on the amount superseded shall be awarded against the appellant."

The contention of appellant is that, inasmuch as the supersedeas prevented the collection of the interest and that in-

terest being part of the judgment or sum due at the time of the affirmance, damages should be given on the amount of the accrued interest.

The sureties in the supersedeas bond, it is true, are bound to pay the interest in case of affirmance, as well as the principal, and all legal cost and damages, but it seems to us that the proper meaning and construction of the Code as to damages is damages on the amount of the judgment at the time it was superseded.

The damages allowed partake of the nature of a penalty, and should not be allowed unless the law clearly authorizes it.

Judgment affirmed.