AUGUST GAST BANK NOTE & LITHOGRAPHING COMPANY et al., Appellants, v. FENNIMORE ASSOCIATION NO. 5 OF ST. LOUIS, MISSOURI et al., Respondents.

St. Louis Court of Appeals, April 24, 1900.

1. **Injunction Proceeding:** DISSOLUTION OF WRIT: APPEAL. The injunctive writ issued, was on trial, dissolved, from which judgment plaintiff appealed to this court, and the judgment of the lower court was affirmed, as will be seen by reference to 79 Mo. App. 612.

2. ———: ———: ———: MOTION TO ASSESS DAMAGES. The motion to assess damages was submitted to the court, and after a hearing of same, judgment was rendered in behalf of the motioners for the sum of five hundred dollars.

3. ———: ———: ———: MOTION FOR A NEW TRIAL OVERRULED: NO EXCEPTION SAVED. For failure of the appellant to except to the order overruling its motion for a new trial, the appellate court is powerless to pass upon any matters of exception, embraced in the bill of exceptions, and as there is no error apparent upon the record, judgment must be affirmed.

4. ———: ———: ———: ———: JUDGMENT AFFIRMED WITH
TEN PER CENT DAMAGES. From the state of the record as we
find it, we can not escape the conclusion that the appeal is a frivo-
lous and vexatious one, and under section 867, Revised Statutes
1899, the judgment of the lower court is affirmed with ten per cent
damages.

Appeal from the St. Louis City Circuit Court.—*Hon. Franklin Ferris*, Judge.

AFFIRMED.

*W. E. Fisse* for appellant.

(1) As the injunction was dissolved in the circuit court, and was not reinstated by this appeal, no damages can be assessed upon this bond for the services of counsel in the appellate courts. Neiser v. Thomas, 46 Mo. App. 47; Teasdale v. Jones, 40 Mo. App. 243. (2) Damages must be limited to the services reasonably necessary to procure the dissolution of the injunction. Anderson v. Anderson, 55 Mo. App. 268; Louisville Banking Co. v. Monarch Co., 68 Mo. App. 603.

*Minor Meriwether* and *H. A. Loevy* for respondents.

(1) The sole purpose of appellant in this case was to obtain an injunction. It was a bill specially and only for that purpose. The injunction sought to be obtained was the life of the bill, and in such case, our courts have sustained allowance for attorney's fees where the services were not strictly rendered in connection with the motion to dissolve. Objection is made to the expense of attending to taking the deposition of defendant, Bogart, in Indiana, on the ground that the deposition was intended to be used as evidence in the principal case, and not in the matter of the injunction. The matters connected with the principal case, and those

relating to the injunction, are so blended in this deposition that we are unable to separate them.    The expense of going to Indiana was the same, regardless of how small a part of the deposition may have had a bearing upon the question of a dissolution of the injunction and we think that item of damage properly allowed.    Hammerslough v. Building Ass'n, 79 Mo. 81; Holloway v. Holloway, 103 Mo. 285. The Alliance Trust Co. v. Stewart, 115 Mo. 245.    (a) The court assessed $100 among the damages on the injunction bonds as attorneys' fees in favor of defendants.    We see nothing exorbitant in this amount.    It is true that these services were assessed as covering the whole case, and not in form as confined to a motion to dissolve.    But a trial of the motion to dissolve must have brought up all the material issues of the case, and rendered it necessary to dispose of the whole case on the motion.    There is no error in this. Hammerslough v. Kansas City Ass'n, 79 Mo. 87.    (b) Attorneys' fees occasioned by the restraining order are also proper elements of damages to be assessed on dissolution of the temporary injunction.    This proposition is not controverted, but it is insisted that the allowance of $350 was for fees for the trial of the whole case.    Cases may arise when it will be proper to distinguish between fees for defending the principal case and fees for dissolving the injunction, but the rule has no just application to this case.  * * *  A dissolution of the injunction involved a trial of the whole case, and the allowance was proper under the ruling in Hammerslough v. Building Ass'n, 79 Mo. 81.    Holloway v. Holloway, 103 Mo. 285.    (c) In the case of Buford v. Packet Co., 3 Mo. App. 159, a motion to dissolve was filed after the coming in of the answer, but the whole case was heard and determined at the same time.    The injunction was dissolved and counsel fees were allowed.    In delivering the opinion of the court of appeals Judge Lewis said:    "The principle upon which

counsel fees are allowed, upon dissolution of an injunction, does not rest upon a supposed increase of trial expenses created by the injunction. (d) It is based upon the fact that defendant has been compelled to employ aid in getting rid of an unjust restriction forced upon him by the act of plaintiff. * * * The policy of allowing counsel fees in cases like the present is fully recognized by this court without regard to whether the merits of the cause were ascertained on the motion to dissolve or otherwise." And on appeal to the supreme court the opinion of the court of appeals was approved (69 Mo. 611). Brownlee v. Fenwick, 103 Mo. 432.

BOND, J.—This cause was here on a former appeal (79 Mo. App. 612), from the report of which it appears that it was a suit to enjoin defendants, who it is alleged were engaged in a strike from the use of violence against the employees of plaintiff for the purpose of preventing service on their part as such employees. There was an answer, and motion to dissolve the injunction awarded when the suit was instituted made by that portion of defendants on whom the gravamen of the suit rested, which motion was sustained. Subsequently the remaining defendants answered and moved the dissolution of the injunction as to themselves, and this motion was likewise sustained, whereupon plaintiff appealed, and the judgment of the circuit court was affirmed in this court, and the cause remanded, with suggestion that the two motions for the assessment of damages filed by the respective suits of defendants should be heard and "treated as one motion," to the end that one final judgment could be rendered. This suggestion was adopted on the remand of the cause, and the motions for assessment of damages were submitted to the court without a jury. On the hearing the movers adduced evidence of the services and their value rendered by

their attorneys in and about the procuring the dissolution of the injunction and on the appeal. No declarations of law were asked or given. The court found for the movers and assessed their damages at $500, and rendered judgment for that sum on the bond given for the injunction. Plaintiff asked for a new trial, which was refused. Plaintiff took no exception to the overruling of its motion for a new trial, but appealed to this court.

In the state of the record disclosed on this appeal there is nothing before us for review but the record proper, for the failure of the appellant to except to the order overruling its motion for a new trial deprives us of the power to pass upon any matters of exception embraced in the bill of exceptions. Abbott v. Gillum, 146 Mo. 176, and cases cited. No error is apparent on the record proper. The judgment must therefore be affirmed.

We are asked by respondents to do this with ten per cent damages. A careful examination of the brief of appellant fails to suggest any questions of law which can be considered fairly debatable. The brief seems to maintain first, that the injunction merely restrained defendants from unlawful acts, and therefore, occasioned them no injury. This contention ignores the fact that the judgment of the circuit court dissolving that injunction, which was affirmed by us, establishes that it did constitute an illegal restraint upon defendants and also that the allegations upon which it was issued were unsustained by the evidence presented on the motions to dissolve. The second point urged in the brief of appellant is that the judgment is excessive, in support of which it is suggested that the evidence preserved in the bill of exceptions tended to show not only the value and extent of the services rendered in procuring the dissolution of the injunction, but also the services of the attorneys in ulterior steps taken in the case. If appellant had excepted to the

overruling of its motion for new trial (which it did not) so that we could be privileged to examine the matters of exception contained therein, it would be found that the bill of exceptions presents a complete answer to this point, in that it shows that appellant did not in any way obtain a ruling of the trial court upon the competency and probative force of the testimony adduced on the hearing of the motion to assess damages; nor did it request any declaration of law excluding from the view of the trier of the facts that portion of the evidence referred to in its brief in this court. The bill of exceptions contains abundant evidence supporting the finding of the court. It is clear, therefore, that the point now insisted upon by appellant is wholly meritless. We can not escape the view that the present appeal is a frivolous and vexatious one, and that respondents are justly entitled under the statute (R. S. 1899, sec. 867), to an affirmance of the judgment in their favor, with ten per cent damages.

Judge *Bland* concurs; Judge *Biggs* absent.