[S. F. No. 3235.   Department Two.—May 6, 1905.]

# WILLIAM P. THRASHER, Respondent, v. THOMAS MORAN, Appellant.

FORECLOSURE OF MORTGAGE—DEFAULT JUDGMENT—APPEARANCE—ATTORNEY'S FEES—STIPULATION IN MORTGAGE—PRAYER OF COMPLAINT.— After judgment by default foreclosing a mortgage against a defendant, duly served, and appearing without answer, upon his appeal this court will disregard technical questions not affecting the merits; and where the mortgage stipulated for counsel fees of ten per cent upon the amount found due, to be charged against the mortgagor and the mortgaged property, and the complaint prayed judgment for the principal sum due, with interest from the date of the note, and that the property be sold and the proceeds applied to payment of the amount found due, "with interest, disbursements, costs, and counsel fees," the appellant could not be misled or surprised by a decree providing for payment from the proceeds of sale of a smaller attorney's fee than that stipulated.

ID.—ATTORNEY'S FEES INCIDENT TO CAUSE OF ACTION.—The attorney's fees are no part of the cause of action; but, like the costs, are a mere incident to it.

ID.—INTEREST—PLEADING—ERROR IN JUDGMENT.—The complaint need not state as a separate allegation that interest was claimed at the rate specified in the note, from the date of the filing of the complaint to the entry of judgment, but it was sufficient that the complaint prayed for interest on the note according to its terms from its date; but it was error to order the payment, out of the proceeds of sale, of a greater rate than seven per cent per annum after the entry of judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   James M. Troutt, Judge.

The facts are stated in the opinion.

T. Z. Blakeman, for Appellant.

James P. Sweeney, for Respondent.

COOPER, C.—This is an appeal from a default judgment of foreclosure on the judgment-roll without a bill of exceptions.

It is claimed that the prayer of the complaint did not ask for attorney's fees, and that as the relief granted against a

defendant by default cannot exceed that prayed for in the complaint, the judgment is erroneous as to attorney's fees. The law is as stated by appellant, and the question is as to whether or not the complaint in effect did pray for attorney's fees. As a copy of the complaint with a copy of the summons was served upon appellant, he must be held to have had notice of all that the complaint stated to him, without regard to imaginary or technical criticism. He appeared by his attorney, and as he did not answer the complaint, this court will not look with favor upon technical questions that in no way affect the merits. The defendant, with a copy of the complaint in his hand and his attorney in court, allowed judgment to go against him by default; therefore, his position is such that this court does not feel inclined to relieve him unless the positive mandates of the law entitle him to relief.

The complaint alleges that the mortgage provides that in case of foreclosure the plaintiff shall be entitled to ten per cent upon the amount found to be due as *counsel fees,* and that the mortgagor and mortgaged property shall be liable to plaintiff for such *"counsel fees."*

In the prayer of the complaint after asking for judgment for the amount due on the promissory note, with interest, plaintiff asks that the property be sold "and the proceeds applied to the payment of the amount due on said note and mortgage with interest, disbursements, costs, and counsel fees." We think appellant understood the meaning of the above language. The fact that the decree provided for an attorney's fee of fifty dollars did not take him by surprise.

In *O'Neal* v. *Hart,* 116 Cal. 69, this court held that a provision in a mortgage to the effect that in a suit for its foreclosure, the decree may be had for the sale of the mortgaged premises, and out of the proceeds there might be retained the costs and charges of making such sale, including counsel fees, authorized the court to include such counsel fees in its decree as a part of the obligation secured by the mortgage.

In *Alexander* v. *McDow,* 108 Cal. 28, where the complaint contained no allegation as to attorney's fees, but the promissory note set forth in the complaint provided for them, and the prayer of the complaint asked for them, this court said: "It is fairly deducible from the complaint, therefore, that plaintiff asks an allowance of a specific sum as being reason-

able and due for attorney's fees under the contract.'' And this court has held that it is not necessary for the complaint to allege that the mortgage provides for attorney's fees. *(Orange Growers' Bank* v. *Duncan,* 133 Cal. 254.) The attorney's fees are not the cause of action, but, like the costs, a mere incident to it. *(Carriere* v. *Minturn,* 5 Cal. 435; *Monroe* v. *Fohl,* 72 Cal. 571; *Rapp* v. *Spring Valley Gold Co.,* 74 Cal. 532; *White* v. *Allatt,* 87 Cal. 248.)

The complaint prayed for interest on the promissory note according to its terms from its date. It was not necessary to state as a separate allegation that interest was claimed at the rate specified in the note from the date of filing the complaint to the entry of judgment. The case cited by appellant does not lend countenance to such contention. The judgment directs the commissioner, out of the proceeds of sale to pay "the costs taxed at $21.95 and the sum of $50 counsel fees of foreclosure with interest thereon from this date at the rate of ten per cent per annum.'' This part of the judgment is erroneous, as the legal rate of interest after judgment is seven per cent.

The judgment should be modified by striking out the words "ten per cent'' and inserting in lieu thereof the words "seven per cent.'' As the matter is trivial, and the attention of the court below was not called to it, the appellant should not recover the costs of this appeal.

We advise that the judgment be modified by striking out the words "ten per cent'' and inserting in lieu thereof "seven per cent,'' and as thus modified it be affirmed, the respondent to recover costs of this appeal.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is modified by striking out the words "ten per cent'' and inserting in lieu thereof "seven per cent,'' and as thus modified it stands affirmed, the respondent to recover costs of this appeal.          Henshaw, J., Lorigan, J., McFarland, J.