*C. D. Maddox*, contra.

---

### 7404. SIRMANS *et al.* v. FOLSOM & TILLMAN HARDWARE CO.

1. Where the suit was against two persons as joint makers of a promissory note, a plea by one of them in behalf of the other was not a plea of the latter.
2. Where in a suit upon a promissory note it is sought to recover, in addition to principal and interest, a certain per centum thereon as attorney's fees for collection, as provided for in the note, and it appears, from the allegations of the plaintiff's petition, that notice of intention to bring the suit has been given in conformity with the statute (Civil Code, § 4252), and no defense has been interposed, the averment as to the giving of notice will be held to have been admitted, and no proof other than the implied admission is necessary to authorize a recovery of such fees.
3. It appearing that the case was brought to this court for delay only, damages are awarded against the plaintiffs in error.

DECIDED SEPTEMBER 21, 1916.

Complaint; from city court of Nashville—Judge Christian. March 13, 1916.

Exception was taken to the judgment striking the plea, and to the final judgment, which was for principal, interest, and 10 per cent. thereon as attorney's fees, in accordance with the terms of the note sued on; and error was assigned as follows: "(1) Because the same is contrary to law and contrary to evidence, there being no evidence offered in support of the judgment for attorney's fees. (2) Because the plea amounted to and was a good and substantial defense. (3) Because plaintiff failed to introduce his note in evidence."

*William Story,* for plaintiffs in error. *J. A. Alexander,* contra.

HODGES, J. 1. The Folsom & Tillman Hardware Company sued J. B. Sirmans and W. H. Higgs as joint makers of a promissory note. Sirmans filed a plea and answer admitting liability as to himself and setting up a defense in behalf of his codefendant, Higgs, which was stricken upon motion, and judgment was entered against Sirmans and Higgs for the amount sued for. There is no provision of law under which a defendant can file a plea for a codefendant in a suit upon a promissory note. An agent or attorney at law may verify a plea when the defendant resides out of the county. Civil Code, § 5642. This was not a plea by an agent for a defendant residing out of the county. In *Brent* v. *Mont,* 65 *Ga.* 92, where husband and wife were both sued, and the wife appeared and pleaded, it was held that a plea filed by her husband for her was properly stricken, it not appearing that she resided out of the county.

2. The plea being stricken, the case was in default, and attorney's fees were properly allowed, it appearing, from the allegations of the petition, that written notice of intention to bring suit had been given in conformity with the statute (Civil Code of 1910, § 4252). Where no defense is filed, there arises an implied admission of the truth of the allegations in the petition, and the court is authorized to allow a recovery of fees without further proof. *Valdosta &c. R. Co.* v. *Citizens Bank,* 14 *Ga. App.* 329 (80 S. E. 913). The judgment, which was rendered by the court without the intervention of a jury, was in the terms of the judgment of the same court as amended in the case of *Elliott* v. *Wilks,* 16 *Ga. App.* 466 (85 S. E. 679).

3. It being evident that the case was brought to this court for the purpose of delay only, damages are awarded the defendant in error. *Judgment affirmed, with damages.*