[L. A. No. 4908. Department Two.—May 6, 1919.]

S. V. HUBER, Respondent, v. ELIAS A. SHEDOUDY et al., Defendants; JOHN WOLLENSHLAGER, Appellant.

[1] MORTGAGE—FORECLOSURE—MARKET VALUE OF PROPERTY—LACK OF FINDING—INSUFFICIENT GROUND FOR REVERSAL.—In an action for the foreclosure of a mortgage it was unnecessary to make a finding on an issue relating to the market value of the property where the allegations of the complaint and of the answer with reference thereto were directed to the matter of the appointment of a receiver and no receiver was appointed.

[2] Id.—Reasonableness of Attorneys' Fees—Immaterial Issue.—In such action it was unnecessary to make a finding on an issue relating to the reasonableness of the attorneys' fees, since such fees were not the cause of the action, but, like costs, a mere incident to it and subject to being fixed by the court at its discretion, not exceeding the amount stipulated in the mortgage.

[3] Id.—Frivolous Appeal—Penalty.—A penalty for the taking of a frivolous appeal from a judgment, in an action for the foreclosure of a mortgage, of the difference between seven and eight per cent on the amount of the judgment for the three-year period of delay secured by the appeal is proper, as penalties as high as twenty per cent of the judgment have frequently been imposed in this and other states.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

William H. Fuller for Appellant.

Valentine & Newby for Respondent.

WILBUR, J.—This is an action for the foreclosure of a mortgage in the usual form. Plaintiff prayed for judgment of foreclosure, for a deficiency against the mortgagors Shedoudy, and for a receiver. No relief was asked against the appellant, save that his interest in the property be declared to be subject to the mortgage. He was a grantee of the mortgagor. Judgment was entered directing the sale of the property, the application of the proceeds to the payment of the plaintiff's claim, directing the balance, if any, to be paid to the appellant, and if there was a deficiency instead of a surplus, the deficiency be docketed against defendants Shedoudy. Appellant claims a reversal upon the ground that two material issues were not found upon, one relating to the value of the property and the other relating to attorneys' fees. The allegations of the complaint and of the answer with reference to the market value of the property were directed to the matter of the appointment of a receiver. [1] As no receiver was appointed pending the litigation or in the decree of foreclosure, it was unnecessary to make findings on these issues, which thus became immaterial. With reference to the matter of attorneys' fees, the complaint alleges: "That it was neces-

sary to employ attorneys to foreclose said mortgage, and he
has employed the firm of Valentine & Newby as his said at-
torneys, and incurred a liability to pay to them a reasonable
attorneys' fee for the prosecution of this action, and plaintiff
avers upon information and belief that the sum of one thou-
sand five hundred dollars is a fair and reasonable fee to be
paid for such legal services.'' Respondents' denial on that
subject was as follows: ''Said defendants have not sufficient
information or belief to enable them to answer the allegations
contained in paragraph 11 of plaintiff's complaint, and basing
their denial upon that ground, defendant denies that said
plaintiff has incurred a liability to Valentine & Newby in the
sum of one thousand five hundred dollars, and denies that one
thousand five hundred dollars is a reasonable attorney fee to
be paid said Valentine and Newby for their legal services in
the foreclosure of the mortgage mentioned and described in
plaintiff's complaint, and denies that it was necessary to fore-
close said mortgage in order for the plaintiff to receive the
money alleged to be due upon the note and mortgage de-
scribed in plaintiff's complaint.'' Upon this subject the find-
ing of the court was as follows: ''That in order to foreclose
said mortgage, it was necessary for plaintiff to employ attor-
neys, and he did employ the firm of Valentine & Newby as his
said attorneys, and the court finds that the sum of $890 is a
reasonable amount to be allowed to plaintiff as attorneys'
fees in this action.'' Appellant contends that this finding is
insufficient for the reason that it fails to find upon the proposi-
tion that plaintiff had ''incurred a liability'' to pay a reason-
able attorneys' fee. The complaint alleges the employment of
Valentine & Newby to foreclose the mortgage; that it was
necessary to so employ them, and that a reasonable fee for said
services was one thousand five hundred dollars. The answer
admits the employment and by the form of denial that
$1,499.99 is a reasonable fee to be paid them for their services.
The court, however, only allowed $890. [2] However, the
issue as to attorneys' fees is not a material issue. As it was
said in *Carriere* v. *Minturn,* 5 Cal. 435: ''The only difference
between this case and that of *Gronfier* v. *Minturn,* decided at
this term, consists of the point made by appellants, that there
is no allegation in the declaration that five per cent was
reasonable counsel fees. Such an averment was unnecessary.
The counsel fees stipulated to be paid were not the cause of

the action, but, like the costs, a mere incident to it, and may be fixed by the chancellor, at his discretion, not exceeding the amount stipulated.'' This, case and various subsequent cases on the same subject were cited, and the rule was again stated in *McNamara* v. *Oakland Building & Loan Assn.*, 131 Cal. 336, [63 Pac. 670], as follows: ''The mortgage in terms provides in case of foreclosure the mortgagor shall pay reasonable attorneys' fees, 'and the payment of such costs and expenses and attorneys' fees by the mortgagor is secured hereby.' The cross-complaint contains an averment setting forth the provisions of the mortgage, and alleging that the attorneys' fees therein provided for were secured thereby and the prayer asks for reasonable attorneys' fees. There is no allegation that the sum claimed is reasonable, nor is there any finding of the fact, and therefore it is claimed defendant is not entitled to attorneys' fees. It is found that plaintiff executed the mortgage, which is equivalent to a finding that he agreed to pay a reasonable attorneys' fee for the mortgage so provided. The averment that the fee claimed was a reasonable amount is not necessary (*Carriere* v. *Minturn,* 5 Cal. 435) ; the attorney's fee was not the cause of action, but an incident to it. (*Mulcahy* v. *Buckley,* 100 Cal. 484, [35 Pac. 144] , affirming *Carriere* v. *Minturn, supra.* See, also, *Brooks* v. *Forington,* 117 Cal. 219, [48 Pac. 1073].) *Prescott* v. *Grady,* 91 Cal. 518, [27 Pac. 755], does not overrule or conflict with *Carriere* v. *Minturn,, supra.* As an averment was unnecessary, so also was a finding. The conclusion of law that defendant was entitled to recover attorneys' fees rested upon the provisions of the mortgage, and the court could determine what amount would be reasonable without hearing any testimony thereon. (*Pacific Mut. L. Ins. Co.* v. *Fisher,* 106 Cal. 234, [39 Pac. 758] ; *Clancy* v. *Plover,* 107 Cal. 272, [40 Pac. 394] ; *Edwards* v. *Grand,* 121 Cal. 254, [53 Pac. 796].) '' See, also, *Monroe* v. *Fohl,* 72 Cal. 571, [14 Pac. 514] ; *First Nat. Bank* v. *Holt,* 87 Cal. 158, [25 Pac. 272] ; *White* v. *Allatt,* 87 Cal. 245, 248, [25 Pac. 420] ; *Orange Growers' Bank* v. *Duncan,* 133 Cal. 254, 256, [65 Pac. 469] ; *Thrasher* v. *Moran,* 146 Cal. 683 684, [81 Pac. 32] ; *Patton* v. *Pepper Hotel Co.,* 153 Cal. 460, [96 Pac. 296].)

We have cited the foregoing authorities to show how utterly frivolous appellant's contentions are in view of the previous decisions of this court. Owing to the crowded condition of the cal-

endar of this court a delay of nearly three years has resulted from this appeal. Section 957 of the Code of Civil Procedure provides that "when it appears to the appellate court that the appeal was made for delay, it may add to the costs such damages as may be just." This language was adopted from the Practice Act of 1851, [Stats. 1851, p. 106], section 345, and that in turn, from the New York Code, section 330. A similar provision was contained in the original Judiciary Act adopted by Congress in 1789, and subsequently continued in effect by the act of Congress of 1803 (c. 40, sec. 1, 2 Stat. 244), and by Revised Statutes, section 1010, [U. S. Comp. Stats. 1916, sec. 1671, 6 Fed. Stats. Ann., 2d ed., 228]. The federal statute in question, however, applied to all affirmances, in which it was provided, "The court shall adjudge to the respondent in error just damages for his delay, single or double costs at its discretion." The application of this rule is discussed in *West Wisconsin Ry. Co.* v. *Foley*, 94 U. S. 100, [24 L. Ed. 71, see, also, Rose's U. S. Notes], wherein it appeared that after several revisions of the rules of the Supreme Court at the December term of 1870, the court adopted the following rule: "In all cases where a writ of error shall delay the proceedings on the judgment of the inferior court, and shall appear to have been sued out merely for delay, damages at the rate of ten per cent, in addition to interest, shall be awarded upon the amount of the judgment." In that case it was held that the court might award damages for a frivolous appeal in an amount less than ten per cent in addition to interest. It will thus be seen that the supreme court of the United States adopted as the ordinary measure of damages for a frivolous appeal, under a statute authorizing them to give just damages for delay, ten per cent upon the amount of the judgment. The practice in this court in imposing damages for a frivolous appeal has not been uniform. In *Flynn* v. *Travers*, 1 Cal. Unrep. 27, decided in 1857, twenty per cent damages were awarded. This penalty was also imposed in *Heney* v. *Alpers*, 2 Cal. Unrep. 164, *Nickerson* v. *California Stage Co.*, 10 Cal. 520; *Shain* v. *Belvin*, 79 Cal. 262, [21 Pac. 747], by Department One, in 1889, and *Williams* v. *Hall*, 79 Cal. 606, [21 Pac. 965], in Bank. See, also, *Cary* v. *Osio & Randall*, referred to in *McMillian* v. *Vischer*, 14 Cal. 232, where a penalty of twenty per cent, amounting to $2,698.53, was imposed. In *Dewitt* v. *Porter*,

13 Cal. 172, the penalty imposed was fifteen per cent, and in the Second California Report the penalty imposed was usually ten per cent, although the delay was sometimes only a few months. (*Buckley* v. *Stebbins,* 2 Cal. 149; *Russell* v. *Williams,* 2 Cal. 158; *Bates* v. *Visher,* 2 Cal. 355; *Pacheco* v. *Bemal,* 2 Cal. 150.)   The amount of ten per cent as damages for a frivolous appeal is fixed in some states by statute; in others by rule of court.   (*Hawkins* v. *Jones,* 21 Or. 502, [28 Pac. 548]; *Popp* v. *Louisville & N. R. R. Co.,* 101 Ky. 157, [40 S. W. 254]; *August Gast Bank Note & Lith. Co.* v. *Fennimore Assn.,* 84 Mo. App. 228; *Lanclos* v. *Robertson,* 5 La. 41; *Limberger* v. *Engle* (Tex. Civ. App.), 47 S. W. 1025.)   This same amount was allowed in *Sirmans* v. *Folsom etc. Co.,* 18 Ga. App. 586, [89 S. E. 1103].   (See, also, N. Y. Code Civ. Proc., secs. 3251, 3254.)   The later practice in this court has been to impose a nominal penalty of from $25 to one hundred dollars for a frivolous appeal.   (*Henehan* v. *Hart,* 127 Cal. 656, [60 Pac. 426]; *Estate of Snowball,* 156 Cal. 235, [104 Pac. 446].)   The object of imposing a penalty for frivolous appeal is twofold—to discourage the same, as well as to compensate to some extent for the loss which results from delay.   (*West Wisconsin Ry. Co.* v. *Foley,* 94 U. S. 103, [24 L. Ed. 71].)   In view of the crowded condition of our calendar and the fact that many novel constitutional and statutory questions have arisen in this state by reason of the great volume of legislative and constitutional amendments since 1911, it is important that appeals that are merely frivolous be discouraged.   We may, perhaps, express our views by adopting the language of the supreme court of the United States on that subject in *Whitney* v. *Cook,* 99 U. S. 607, [25 L. Ed. 446, see, also, Rose's U. S. Notes] : ''Our experience teaches that the only way to discourage frivolous appeals and writs of error is by the use of our power to award damages, and we think this a proper case in which to say that hereafter more attention will be given to that subject, and the rule enforced both according to its letter and spirit.   Parties should not be subjected to the delay of proceedings for review in this court without reasonable cause, and our power to make compensation to some extent for the loss occasioned by an unwarranted delay ought not to be overlooked.''

In determining the amount of damages which should be awarded in this case for a frivolous appeal we should con-

sider the facts with relation thereto and the effect of the delay. Respondent claims, and we may assume, that the effect of this appeal has been to delay the foreclosure sale. The judgment was entered June 27, 1916. The appellant is not bound to pay the judgment or any part thereof. As to him the effect of the judgment was merely to subject his interest in the premises to the foreclosure. The mortgage provided for interest at the rate of eight per cent, compounded quarterly. The judgment draws interest at the rate of seven per cent. The difference between the amount of interest allowed by law and that by the mortgage for the three-year period of delay secured by this appeal, is $2,173.76. The difference between simple interest at seven and eight per cent will be $720. If the sale had occurred within the usual time after the decree, the appellant would have been required to pay one per cent a month during the redemption period of one year in order to redeem. In view of the fact that the amount of interest lost by the respondent by reason of this appeal would be nearly ten per cent of the amount of the judgment, and that respondent has been required to employ an attorney to represent him on this appeal, it obviously would not be unjust to assess damages amounting to ten per cent on the principal sum for this frivolous appeal, namely, two thousand six hundred dollars. [3] Respondent, however, in his brief and on oral argument has only asked for a penalty equivalent to the difference between seven and eight per cent on the amount of the judgment, and in view of the further fact that in recent years purely nominal penalties have been imposed for frivolous appeals, the penalty fixed in this case will be $720. It is hoped, however, that before other frivolous appeals now pending, if any, are brought to the attention of the court, some disposition thereof will be made by the parties which will obviate the necessity of placing such cases upon the calendar, thus depriving meritorious appeals of their opportunity to be heard, and obviating the necessity of imposing penalties therein.

The judgment is affirmed, with directions to enter a judgment in favor of respondent and against appellant for the sum of $720, with costs of appeal.

Lennon, J., and Melvin, J., concurred.