## WEST WISCONSIN RAILWAY COMPANY *v.* FOLEY.

1. Under the twenty-third rule, in relation to damages, where a writ of error was sued out merely for delay, more than ten per cent upon the amount of the judgment cannot be awarded, but the court may give less.
2. Being satisfied that this case is one to which that rule should be applied, the court, affirming the judgment below for $26,333, with costs, awards, in addition to interest, $500 damages.

ERROR to the Circuit Court of the United States for the Western District of Wisconsin.

The facts are stated in the opinion of the court.

Argued by *Mr. William F. Vilas*, for the defendant in error.

No counsel appeared for the plaintiff in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

It is clear that there is no error in this record. The answer

does not state facts sufficient to constitute a defence to the action. No counsel have appeared to prosecute the suit, no brief has been filed, and no error assigned. We are entirely satisfied that the case has been brought here for delay, and that it is proper to adjudge "just damages for delay," under the provisions of sect. 1010, Rev. Stat. The only difficulty we have had has been in respect to the amount.

The original Judiciary Act of 1789 contained a similar provision to that embraced in sect. 1010. 1 Stat. 85, § 23. Under that, rules were adopted by this court at the February Term, 1803, by which it was provided that, in cases where it appeared that the writ had been sued out "merely for delay, damages shall be awarded at the rate of ten per cent per annum on the amount of the judgment," and in cases where there existed a real controversy, "the damages shall be only at the rate of six per cent per annum. In both cases the interest to be computed as part of the damages." Rules 17, 18; 1 Cranch, xviii. At the February Term, 1807, it was ordered that the damages given by these rules should be calculated to the day of the affirmance of the judgment in this court. 4 Cranch, Appendix.

In 1842, Congress enacted "that on all judgments in civil cases . . . recovered in the Circuit and District Courts of the United States, interest shall be allowed, . . . to be calculated from the date of the judgment, and at such rate per annum as is allowed by law on judgments recovered in the courts of" "the State in which such Circuit or District Court shall be held." 5 Stat. 518, § 8. Notwithstanding this statute, the rule adopted previously remained in force without amendment until the case of *Mitchell* v. *Harmony*, 13 How. 115, decided at the December Term, 1851. Then it became necessary for this court to ascertain the amount due upon the judgment of the Circuit Court in that case after its affirmance; and the direct question was presented, whether only damages at the rate of six per cent should be added to the amount of the judgment, in accordance with the rule, or interest at seven per cent per annum, that being the rate allowed by law on judgments recovered in the courts of the State. After consideration, damages only were allowed according to the rule; but during the

term the rule was amended, to take effect Dec. 1, 1852, so as to make it conform to the statute.    13 id. v.    At the next term, December, 1852, a similar question was presented in *Perkins* v. *Fourniquet*, 14 id. 328.    There a judgment of the Circuit Court of Mississippi had been affirmed at the December Term, 1851, and damages adjudged at the rate of six per cent per annum, as given by the rule, while the laws of Mississippi allowed interest on judgments in the State courts at eight per cent per annum.   When the execution went out from the court below, it required the collection of the judgment with interest at the rate of eight per cent per annum, and damages at the rate of six per cent in addition.    This action of the Circuit Court having been brought here for review, the recovery was limited to the amount of the judgment and the damages given by the rule.   The opinion of the court, by Mr. Chief Justice Taney, proceeded upon the ground that the act of 1842 did not apply to judgments in this court, but to those in the Circuit and District Courts alone.    The rules had been changed at the previous term, he said, not because of "any supposed repugnancy between them and the act of 1842, but because the court deemed it just to place the judgments in this court upon the same footing with the judgments in the Circuit and District Courts; and that suitors in the courts of the United States should stand on the same ground with suitors in the State courts, in its appellate as well as in its inferior tribunals."   p. 331.

At the December Term, 1858, our rules were revised and corrected.   No change was made in those relating to this subject, except that in cases where the writ of error was taken for delay only, it was provided that "the damages shall be calculated from the date of the judgment in the court below until the money is paid."    21 id. xiii., rule 23.

Under these rules it is apparent that "just damages for delay" were made to take the place of interest during the delay; and this practice continued until the December Term, 1870, when the present rule, in respect to cases where the writ appeared to have been sued out for delay merely, was adopted. It is as follows : "In all cases where a writ of error shall delay the proceedings on the judgment of the inferior court and shall

appear to have been sued out merely for delay, damages at the rate of ten per cent, in addition to interest, shall be awarded upon the amount of the judgment." 11 Wall. x.

This is a radical change, and requires us to consider the question of damages as something distinct from that of interest. Heretofore we have never found it necessary to decide whether, if damages are to be awarded at all, they *must* be to the full amount of ten per cent upon the judgment, or *may* be less. This case is one in which, as we think, that question is fairly presented. The defence, though not in law a good one, certainly shows some circumstances in mitigation of damages in excess of interest as compensation for delay.

Under the old rules, the court was sometimes asked to give damages beyond those prescribed. This was always denied; but, so far as we have been able to discover, it has never been decided that less could not be given, under proper circumstances. "Shall" ought undoubtedly to be construed as meaning "must," for the purpose of sustaining or enforcing an existing right; but it need not be for creating a new one. Neither under the statute nor the rule has a party the legal right to demand a judgment for damages in excess of interest. The amount of the damages, as well as the propriety of giving any at all, is left to the judicial discretion of the court. This being the case, we think the rule may fairly be construed as limiting the amount beyond which we cannot go, but as leaving us at liberty to give less than the full sum in cases where, in our judgment, the circumstances are such as to make it proper to do so. An inflexible rule, requiring us to award a certain specified amount, or none at all, would oftentimes operate to defeat itself. The object is to discourage frivolous appeals, as well as to compensate to some extent for the loss which results from delay. Oftentimes ten per cent upon the amount of a judgment might far exceed the loss actually sustained; and in such cases we might decline to award damages at all, if we could not give less, because of the wrong that would be inflicted if we did give them. Thus one of the benefits anticipated from the rule would be lost.

Under these circumstances we hold that while, with the rule in force, we cannot award as damages for delay more than ten

per cent upon the amount of the judgment, we may, in the exercise of our discretion, give less.

> *Judgment affirmed, with costs, and five hundred dollars damages for the delay, in addition to interest at the rate allowed by law and the rules of this court.*

Note. — In another case between the same parties, the same action was had by the court as in the preceding case.