INDIANA ROLLING MILLS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12259. Promulgated October 18, 1928.

*Frank J. Albus, Esq., Frank C. Olive, Esq.,* and *George S. Olive, C. P. A.,* for the petitioner.

*J. L. Backstrom, Esq.,* for the respondent.

1142

OPINION.

TRAMMELL: The petitioner filed its income and profits-tax return on September 15, 1919, for the fiscal year ended June 30, 1919. This return was sworn to by the petitioner's vice president and secretary, and was not a false or fraudulent return with intent to evade tax. No waiver or consent in writing was executed by the Commissioner and petitioner extending the period for assessment and collection. The deficiency notice was mailed to the petitioner on January 4, 1926.

The sole issue raised by the pleadings is whether, under these facts, assessment of said deficiency so determined by the respondent is barred by limitations. There is no controversy with respect to the facts, which have been agreed to by the parties.

The material provisions of the Revenue Act of 1918 relating to the making of returns by corporations are as follows:

SEC. 239. That every corporation subject to taxation under this title and every personal service corporation shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. The return shall be sworn to by the president, vice president, or other principal officer and by the treasurer or assistant treasurer. * * *

The statute of limitations applicable to this case is set forth in section 277 (a) (2) of the Revenue Act of 1924 as follows:

(2) The amount of income, excess-profits, and war-profits taxes imposed by the * * * Revenue Act of 1918 * * * shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

In the notice of deficiency, which the respondent sent to the petitioner under date of January 4, 1926, it was stated:

. The five-year period provided in Section 277 (a) (2) of the Revenue Act of 1924, within which assessment of the tax for 1919 may be made has expired, however, Section 278 (c) provides that where both the Commissioner and the taxpayer have consented in writing to the assessment of tax after the time set forth in Section 277 (a) (2), the tax may be assessed at any time prior to the expiration of the period agreed upon. If you agree to the assessment of the tax, it will be necessary for you to sign and return to this office the enclosed waiver form; if you do not desire to sign the waiver but are willing to pay the tax, you may make voluntary payment to the collector of internal revenue for your district.

The petitioner declined to sign the " waiver form " or to make voluntary payment of the tax, as suggested by the respondent, and this proceeding results.

The respondent now contends that assessment of the deficiency is not barred by limitations, because the document filed by the petitioner as its return was sworn to by its vice president and secretary instead of by its vice president and treasurer or assistant treasurer, as provided in the statute, and therefore not being the return required by law, the statutory period of limitations has never commenced to run.

The purported return was filed by the petitioner with the collector of internal revenue at Indianapolis on September 15, 1919, and the amount of tax shown was thereafter duly paid. In 1923, or approximately four years after the filing of the document, the respondent caused an audit thereof to be made and determined the petitioner's tax liability for the fiscal year ended June 30, 1919, at an amount $3,218.83 less than that shown on said return. A certificate of overassessment was duly issued and said amount credited on account of supplemental tax of the petitioner for the fiscal year ended in 1918. Some two years later the respondent caused said alleged return to be audited again, and, as a result of such second audit, determined the deficiency involved herein on January 4, 1926, more than six years after the filing of said document with the collector.

So far as disclosed, the respondent never at any time prior to the hearing of this appeal made objection to the form or manner in which said document was executed, nor ever at any time requested the petitioner to file a return verified by the affidavit of its treasurer or assistant treasurer.

Thus, the concrete question presented here is whether a return sworn to by the vice president and secretary of a corporation substantially complies with the requirements of section 239 of the Revenue Act of 1918, respecting the form and manner of making the return, so as to start the running of the statute of limitations contained in section 277 (a) (2) of the Revenue Act of 1924. This in turn involves a consideration of the rules of statutory construction.

The statute provides that every corporation subject to taxation shall make a return, stating specifically the items of its gross income and the allowable deductions and credits, and further provides that the return shall be sworn to by the president, vice president, or other principal officer and by the treasurer or assistant treasurer.

What is the essence of the thing required to be done by this statute? It is, we think, the making of an honest return by the corporation, wherein are set forth specifically the items of its gross income and the allowable deductions and credits, in order that the Commissioner may determine the correct amount of its tax liability. If such required information is fairly and honestly given in a return sworn to by officers of the corporation who are familiar with its affairs, this in our opinion constitutes a substantial compliance with the provisions of the statute.

The prime object of the legislative intention was manifestly to require that the specified information be furnished under oath by the corporate officers, and where such information is fairly and honestly given in a return sworn to by the vice president and secretary of the corporation the legislative purpose is achieved in no less degree than if the return had been sworn to by the vice president and treasurer or assistant treasurer.

A general rule of statutory construction is that those provisions which do not relate to the essence of the thing to be done, and as to which compliance is a matter of convenience rather than substance, are directory; while those provisions which relate to the essence of the thing to be done, that is, to matters of substance, are mandatory. 25 R. C. L. 767.

The fact that the statute provides that the return " shall " be sworn to by certain officers of the corporation named does not necessarily require the construction that this provision is mandatory. In *West Wisconsin R. Co.* v. *Foley*, 94 U. S. 100, the court said:

" Shall " ought undoubtedly to be construed as meaning " must," for the purpose of sustaining or enforcing an existing right; but it need not be for creating a new one.

In *Mabel Elevator Co.*, 2 B. T. A. 517, we said:

There can be no doubt that such limitations are placed on assessments for the purpose of assuring the taxpayer, who has made an honest return, that after

such period his tax liability will not be reopened; otherwise the business of the country would always have before it the threat of additional taxes against the income of years long past whenever a new theory for interpreting the tax law or for the application of accounting principles occurred to the taxing authorities. If the limitation can be avoided on the plea that the return filed was not such a return as is required by law, although filed in good faith, there is no such assurance for the taxpayer and the limitation becomes of doubtful value at least. If the statute requires any interpretation great weight must be given to the purpose which it was obviously intended to accomplish.

Again, in *Colmer-Green Lumber Co.*, 12 B. T. A. 256, we said:

The period of limitation prescribed by the statute is one of repose and it should not lightly be construed to permit the respondent to reopen cases upon the ground that the return filed in good faith was not the return required by the statute.

In *F. A. Hall Co.*, 3 B. T. A. 1172, a consolidated return was filed for the taxpayer and an associated company, sworn to by the individual who was the treasurer of both companies. The Commissioner contended that separate returns should have been filed, and that the consolidated return filed was not the return required by law; hence, the statute of limitations did not apply. Since it appeared that the consolidated return specifically stated the items of gross income and the items of deductions of the taxpayer, we held that it constituted a substantial compliance with the provisions of section 239 of the 1918 Act, *supra*, respecting the making of returns, and was sufficient to start the running of the statute of limitations embodied in section 277 (a) (2) of the 1924 Act, *supra*.

Under the theory contended for by the respondent in this case, if a corporation had no treasurer or assistant treasurer, or if such office was vacant through resignation, death or otherwise at the time of making its tax return, such facts would operate to place the corporation beyond the purview of the statute of limitations, and would deny to it the right of any benefit thereunder. We are not persuaded that this was the intention of Congress.

The good faith of the petitioner in making the return involved herein is not questioned by the respondent, and said return specifically stated the items of its gross income and the allowable deductions and credits. It is our opinion, therefore, that said document constituted the return required by law. More than five years having elapsed subsequent to the filing of said return and prior to the mailing of the deficiency notice, it follows that assessment and collection of the proposed deficiency are barred by limitation.

Reviewed by the Board.

*Judgment of no deficiency will be entered.*