Hans **FORSTER**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 14656.

United States Court of Appeals Ninth Circuit.

Oct. 19, 1956.

J. Kenneth Brody, Bogle, Bogle & Gates, Tracy E. Griffin, Seattle, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., for appellee.

Before STEPHENS, BONE and CHAMBERS, Circuit Judges.

CHAMBERS, Circuit Judge.

Hans Forster, beginning meagerly about 1929 in the State of Washington, by 1944 had become a milk king in the Seattle area. But when the wartime and post wartime high income taxes came (while he was amassing his principality) he paid over a period of years just a small portion of the taxes that were due by himself individually and by one of his operations, the incorporated Issaquah Creamery Company. He was indicted for attempting to evade his and his company's income taxes.[1] The years under scrutiny were 1945, 1946, 1947, 1948 and 1949. After a hundred day trial he was convicted on all nine counts. He was sentenced to concurrent prison terms, but a separate fine was imposed on each count. The jury acquitted codefendants, L. Hicks Taylor and Harold Erickson. Taylor was the accountant who exercised considerable control over the Forster books of account. Erickson was the head bookkeeper.

At the threshold, Forster conceded that the nine income tax returns to Internal Revenue greatly understated the income on each return. There was little dispute, if any, as to the amount. But the hard fought issue was that of wilfulness, that is, specific intent to evade. Forster shifted the blame heavily to Taylor and lightly to Erickson. Taylor unreservedly put it on Forster and Erickson. Erickson mainly accused Taylor. One thing, prac-tically, that stood Taylor and Erickson in the light of compassion, considering the magnitude of their error or manipulation, whichever it was, was the fact that their pay had been quite moderate. The jury having acquitted the latter, Taylor and Erickson, it is not for this court to excoriate them now.

The evidence will not be detailed here. The case was extremely well presented by the government. The defense was made in a fine manner. The rulings by the trial court on the evidence seem excellent. The jury was instructed by the court in words that are susceptible of very little improvement. Generally, the instructions show a technical excellence.

But here on Forster's appeal stalks the spectre of Murdock v. United States, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381; Bloch v. United States, 9 Cir., 221 F.2d 786, 223 F.2d 297; and Herzog v. United States, 9 Cir., 1956, 235 F.2d 664.[2] That is, herein is involved the matter of specific intent or the sort of wilful wilfulness required in income tax cases.

In the principal instructions at the close of argument the jury was instructed in part as follows:[3]

"The essential elements of the crime or offense charged in each count of the Indictment are three:

"(1) That there was owing to the Government more income tax than that shown in the return of the taxpayer for the particular taxable year in the applicable count of the Indictment;

"(2) That the particular defendant knew that there was owing more income tax than that shown in the income tax returns; and

"(3) That the particular defendant willfully attempted to evade or defeat part of such tax by filing or causing to be filed a false return.

＊　＊　＊　＊　＊　＊

1. See 26 U.S.C.A. § 145(b).

2. Bloch and Herzog were decided after Forster's jury was instructed on wilfulness on May 13, 1954.

3. The instructions abstracted are the main ones that cover or approach "wilfulness."

"Those last two elements are the most important elements for your determination in this case and many of the following instructions will be devoted to clarifying to the best of my ability what the willfulness and knowledge as required in this case is or must be.

\*    \*    \*    \*    \*    \*

"The gist of the offense charged in the Indictment is willful attempt to evade or defeat the income tax imposed by the income tax law. The word 'attempt' as used in this law involves two elements:

"(1) an intent to evade or defeat the tax, and

"(2) some act done in furtherance of such intent.

The word 'attempt' contemplates that a defendant had knowledge and understanding that during the calendar years 1945 to 1949, inclusive, Hans Forster, or in the case of Counts VI to IX, inclusive, the Issaquah Creamery Company during the years of 1946 to 1949, inclusive, had an income in such years which was taxable and which was required by law to be reported and that such defendant attempted to evade and defeat the tax thereon, or a portion thereof, by purposely causing the respective returns to exclude income which such defendants knew Hans Forster or Issaquah Creamery Company had received during the years in question, and which such defendants knew should be included in such returns.

"With respect to the offenses charged there must exist a union or joint operation of act and intent. The burden is always upon the prosecution to prove both act and intent beyond a reasonable doubt.

"A person is held to intend all the natural and probable consequences of acts knowingly done. That is to say, the law assumes a person to intend all the consequences which one standing in like circumstances and possessing like knowledge should reasonably expect to result from any act which is knowingly done.

"With respect to offenses such as charged in this case, proof of specific intent is required before there can be a conviction. Now, specific intent, as the term suggests, means more than a mere general intent to commit the act.

"A person who knowingly does an act which the law forbids, or who knowingly fails to do an act which the law requires, purposely intending to violate the law or recklessly disregarding the law, acts with specific intent.

\*    \*    \*    \*    \*    \*

"You will note that the acts charged in the Indictment are alleged to have been done 'willfully and knowingly.'

"An act is done 'willfully' if done voluntarily and purposely and with a specific intent to do that which the law forbids.

"'Willfulness' implies bad faith and an evil motive.

"An act is done 'knowingly' if done voluntarily and purposely and not because of mistake, inadvertence or some other innocent reason.

\*    \*    \*    \*    \*    \*

"The signing of an income tax return by a taxpayer makes it his return and if it is false and the taxpayer knows it to be false, he violates the law if he files it willfully and with an intent to evade the payment of his tax.

\*    \*    \*    \*    \*    \*

"Section 145(b) of the Internal Revenue Code punishes a willful attempt to evade and defeat taxes in any manner and so you may find that conduct such as keeping false books, making false entries in the books, failing to make entries in books, altering invoices or other records, concealment of assets, covering up sources of income, handling one's affairs to avoid the making

of usual records and any conduct the likelihood of which would be to mislead or conceal as constituting an attempt to evade and defeat taxes."

All through the instructions runs a thread of precaution on wilfulness. In the specific instruction above perhaps it would have been better if "reckless disregard" had been left out.

But the trouble begins when the jury on its second day of deliberation returned to the court room and asked for further instruction on the subject of wilfulness:

Thereupon the court instructed the jury as follows:

(Numerals are inserted below for clarification of subsequent discussion.)

"In an effort to meet that request of yours the Court is going to first give you again the instruction I gave you yesterday as to willfully and another instruction that is related to it. I will supplement that with a little further statement which I think in essence is the same but probably stated differently. That is, with different words.

(1) "Now I will give you the instruction as I gave it yesterday.

"You will note that the acts charged in the Indictment are alleged to have been done 'willfully and knowingly.'

"An act is done 'wilfully' if done voluntarily and purposely and with a specific intent to do that which the law forbids. 'Willfulness' implies bad faith and an evil motive.

"An act is done 'knowingly' if done voluntarily and purposely and not because of mistake, inadvertence, or other innocent reason.

"Now, you will note I referred to specific intent and, therefore, will now read that to you again so that you will have that in mind.

"With respect to offenses such as charged in this case, proof of specific intent is required before there can be a conviction. Specific intent, as the term suggests, means more than

a mere general intent to commit the act.

"A person who knowingly does an act which the law forbids, or who knowingly fails to do an act which the law requires, purposely intending to violate the law or recklessly disregarding the law, acts with specific intent.

(2) "Now, to supplement that, as I say again, I am going to give you, in substance the same matter.

"When used in a criminal statute—that is, the word 'willful' or 'wilfully'—when used in a criminal statute it generally means an act done with a bad purpose, without justifiable excuse, stubbornly, obstinately, perversely.

"The word is also characterized—employed to characterize a thing done without ground for believing it lawful, or conduct marked by reckless disregard whether or not one has the right so to act.

"That, I believe, Ladies and Gentlemen, covers the request as you have made it; and so, with that further instruction, you may now be excused and return and continue your deliberations."

Forster's counsel then orally excepted to the instructions in words as follows:

"I feel obligated—on behalf of the Defendant Forster to except to the use of each and every word in the new instruction just given by the Court and particularly that portion of it dealing with 'reckless disregard.'

"The instruction does not cover the use of 'good faith,' 'mistake' and rather stultifies the definition given the jury originally on willfulness which, except for the use of the words 'reckless disregard' was a full and complete instruction in that particular as I view it."

Omitting citations and adding transitional words, part (2) of the instruction is verbatim from Murdock v. United States, supra, 290 U.S. at page 394, 54 S.

Ct. 223. Apparently, on the theory that the Supreme Court said it, and that is it, the particular language has found itself into many personal instruction trial handbooks of judges. It has been repeated time and again. But if one studies Murdock, one finds, when he wrote the now disputed language, Mr. Justice Roberts was compiling a list of various definitions of wilfulness, no more. The compendium is harmless in a case like Finn v. United States, 9 Cir., 219 F. 2d 894, where parties must be charged with the consequence of acts which they knowingly did, mistaken as they may be as to their private concepts of the law.

In some income tax cases the instruction is harmless. Such is the type of case where the main issue is not wilfulness. Also, in the melange of complete instructions the one instruction may fade into inconsequence. And, even after Herzog and Bloch, whether exception was made may be something of a factor to be considered.

██ Reluctantly this court has concluded, principally on the authority of Spies v. United States, 317 U.S. 492, 63 S. Ct. 364, 87 L.Ed. 418, that the case must be reversed because of the second part of the instruction. It is a close decision. But the instruction with its variegated alternatives of wilfulness here occurred at too critical a time. In the posture it entered it came into too bright a light. It did not run in a long chorus line. Here to let it stand would be to endorse the doubtful proposition that jurors disregard instructions anyway.

██ As pointed out in Bollenbach v. United States, 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350, this court cannot brush aside the instruction because it may believe that the evidence overwhelmingly indicates the guilt, the wilfulness of Forster. That is to invade the jury's province.

It is entirely possible that before the jury made inquiry about wilfulness it had completed its deliberations on Forster and had found him guilty. One may suspect that the remaining groping was on Taylor and Erickson and that after the jury received the supplemental instructions its entire deliberations for the remaining ten hours were on these two men. If this be true, which can never be officially known, the result for justice is grim.

Also, one may more than suspect that the excellent but proper summation made by the district attorney had a lot to do with the conviction, granting that he had a set of facts that gave him a lot to talk about. But this court cannot enter a decree to that effect.

In reversing this case, this court deems its action consistent with the decision in Legatos v. United States, 9 Cir., 222 F.2d 678. And, assuming that proper exception had been taken to the instructions in Bloch, Forster's case would be an a fortiori case for reversal because of the emphasis which the Murdock summary received here.

In these tax cases the instructions on wilfulness need not be stated in seven different ways, each an invitation to acquit. But the jury should clearly understand that if it believes the frequent defense that the defendant was the innocent victim of his accountants and had no knowledge or belief that his return was incorrect that he should be acquitted.

The instructions given in chief here, generally were splendid. There are many other guides. See Spies v. United States, supra; Haigler v. United States, 10 Cir., 172 F.2d 986; and Gariepy v. United States, 6 Cir., 220 F.2d 252.

The nature of our system is that the law must govern. In saturating the system with safeguards for the innocent the guilty will ofttimes profit in such a way as to exasperate some of the fairest judges, the best prosecutors and even the general public as it looks at specific cases.

The appellant takes other exceptions to his trial. These this court finds to be without merit or insubstantial.

Reversed.