**AMF INCORPORATED**

v.

**The UNITED STATES.**

No. 7–75.

United States Court of Claims.

Nov. 14, 1979.

---

See also, Ct.Cl., 610 F.2d 730.

Eric R. Fox, Washington, D. C., attorney of record, for plaintiff; Ivins, Phillips & Barker, Washington, D. C., of counsel.

Bruce W. Reynolds, Washington, D. C., with whom was Asst. Atty. Gen. M. Carr Ferguson, Washington, D. C., for defendant; Theodore D. Peyser, Jr., and Donald H. Olson, Washington, D. C., of counsel.

Before KASHIWA, KUNZIG and BENNETT, Judges.

## OPINION

KASHIWA, Judge:

This income tax case comes before the court on the parties' stipulation of facts. Plaintiff, AMF Incorporated (AMF), seeks a refund for taxes and interest paid for its 1965 and 1966 tax years. At issue is the interpretation of the regulations promulgated under I.R.C. § 963. We must decide whether plaintiff was correct in applying the special rules of Treas.Reg. § 1.963–4 in determining the amount of its foreign tax credit on distributions received from foreign corporations covered by an election under I.R.C. § 963 and whether it properly attributed distributions received from a for-

eign corporation in 1966 to its 1965 tax year and a distribution received in 1967 to its 1966 tax year, and properly deemed those distributions to be from the respective 1965 and 1966 earnings and profits of the distributing corporation under Treas.Reg. § 1.963–3. After considering the written submissions of the parties and their oral presentations,[1] we hold for the Government.

Plaintiff is a New Jersey corporation with its principal place of business in White Plains, New York (during the years in issue plaintiff's principal place of business was in New York, New York). Plaintiff is an accrual method taxpayer on a calendar year. The principal business of plaintiff and its subsidiaries is the manufacture, sale, and lease of machinery, sporting equipment, and other equipment throughout the world.

During 1965 and 1966 plaintiff directly and indirectly owned interests in many foreign corporations which were "controlled foreign corporations" within the meaning of I.R.C. § 957(a).[2]

On its income tax return for 1965, plaintiff made a valid chain election under section 963, Treas.Reg. § 1.963–1(c)(2). Plaintiff did not specifically elect the special 180-day distribution period afforded by Treas.Reg. § 1.963–3(g)(2) on its 1965 income tax return. However, plaintiff notified the Internal Revenue Service ("Service") by letter, on June 26, 1968, that such an election was intended by plaintiff at the time the return was filed.[3] Plaintiff's foreign tax rate was over 43 percent, thus plaintiff was not required to receive any distribution from the foreign corporations covered by its election in order to obtain the section 963 exclusion.[4]

On May 26, 1966, AMF received a distribution of $550,000 from one of its foreign corporations in the chain. AMF treated this distribution as a 1965 distribution under Treas.Reg. § 1.963–3 and computed its foreign tax credit using Treas.Reg. § 1.963–4(b) and (c).

On its 1966 return AMF made a valid group election under section 963, Treas.Reg. § 1.963–1(c)(2). Again, plaintiff's effective foreign tax rate was over 43 percent, thus no distribution was required in this year to entitle plaintiff to the section 963 exclusion.

Plaintiff received a distribution of $463,-250 on May 12, 1967, which it treated as a 1966 distribution, and computed the credit under Treas.Reg. § 1.963–4(b) and (c).

After audit of plaintiff's returns for taxable years 1965 and 1966, the Service asserted a deficiency for both years on the ground that Treas.Reg. § 1.963–4(b) and (c) did not apply to these distributions received by plaintiff because they were not part of a minimum distribution required under section 963. The Service treated such distributions as subject to the ordinary rules of sections 901 and 902,[5] properly includible in

---

1. This case was consolidated for purposes of argument with *General Electric Co. v. United States,* Ct.Cl., 610 F.2d 730 (1979), which opinion is issued concurrently with this opinion. With one exception the facts of this case present the same issues as in the *General Electric* case. In deciding this case, the arguments presented by counsel in both cases have been considered.

2. A "controlled foreign corporation" is defined by I.R.C. § 957 as any foreign corporation of which more than 50 percent of the total combined voting power of all classes of stock is owned or considered as owned by United States shareholders on any day during the taxable year of such foreign corporation.

 "Ownership" is determined under I.R.C. § 958.

3. This is the only difference in material fact between *General Electric Co. v. United States,* supra note 1, and the instant case.

4. For the years in issue, the table found in section 963(b)(3) controls.

5. Under I.R.C. § 902(a), taxes paid by a first tier foreign corporation out of its earnings and profits are "deemed to have been paid" by the United States shareholder in the proportion that the distribution received by the shareholder bears to the distributing corporation's earnings and profits. Under I.R.C. § 78 the amount of the distribution received by the corporate shareholder is "grossed up" by the amount of foreign taxes deemed paid under section 902. The United States tax rate is applied to this grossed up distribution, then the amount of the foreign tax credit allowed under I.R.C. § 901 (including taxes deemed paid under section 902) is subtracted to determine the amount of

**742**

taxable years 1966 and 1967, respectively. Plaintiff paid the asserted deficiencies and related interest and brought this refund suit after the Service disallowed plaintiff's claim for refund.

The theories advanced by the parties and our review of them have been thoroughly considered in our opinion in *General Electric Co. v. United States,* Ct.Cl., 610 F.2d 730 (1979).[6] Such a review will not be repeated here.

Only one material issue is different in this case. That is the question of whether AMF is entitled to the 180-day distribution period provided for in Treas.Reg. § 1.963–3(g)(2)[7] for taxable year 1965. Plaintiff asserts it is entitled to the longer distribution period because its treatment of the $550,000 distribution of May 26, 1966, was in substantial compliance with the regulation's requirement that the election be made on a "statement" filed with the plaintiff's 1965 income tax return. In other words, "the essence of the thing required to be done by this [regulation]" has been complied with. *Indiana Rolling Mills Co. v. Commissioner,* 13 B.T.A. 1141 (1928); *Jaquelin E. Taylor v. Commissioner,* 67 T.C. 1071 (1977).

We hold our decision in *General Electric Co. v. United States, supra,* controls the facts of this case and requires the same result. As we held in *General Electric*:

> * * * Distributions in excess of the minimum distribution are not covered by the minimum overall tax burden test. It follows, therefore, that the special rules, which are invoked in determining the minimum overall tax burden, do not apply to distributions in excess of a minimum distribution. [At 738.]

Plaintiff's computation of its foreign tax credit based on the special rules is, then, erroneous.

the United States tax payable on the distribution.

**6.** See note 1, *supra.*

**7.** This regulation provides a modification of the ordinary distribution rules of Treas.Reg. §§ 1.301–1(b) and 1.902–1(a)(8). It is designed

Because of the disposition of the case in the foregoing manner, we need not decide whether plaintiff is allowed the special 180-day distribution period for taxable year 1965 (Treas.Reg. § 1.963–3(g)(2)) and its effect on this case.

CONCLUSION OF LAW

 We conclude that the special rules of Treas.Reg. § 1.963–4(b) and (c) do not apply for purposes of determining the foreign tax credit on distributions received by shareholders electing under section 963 that exceed the amount of the minimum distribution. We further conclude that the ordering rules of Treas.Reg. § 1.963–3 do not apply when the amount of the minimum distribution is zero. Accordingly, plaintiff is not entitled to recover and the petition is dismissed.

to allow the United States shareholder time to compute the amount of the required minimum distribution from its controlled foreign corporations without overstepping the end of a taxable year and losing the benefit of the minimum distribution.